IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MIGUEL VALDEZ RODRIGUEZ, #196223
    Plaintiff,

vs.                                         Case No.:  5:12cv118/RS/EMT

WARDEN COLDPEPPER, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on April 16, 2012 (doc. 1 at 1, 12).  Plaintiff has also filed a motion to proceed in forma pauperis (doc. 2).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The court may take judicial notice of cases previously filed by Plaintiff.  Plaintiff has already had one case dismissed in the Middle District of Florida because of his status as a "three-striker," *see* Middle District of Florida case 5:06cv371, and that case listed three cases that had been dismissed in the Northern and Southern Districts of Florida.[1]  *See* Northern District of Florida case 5:04cv389 (dismissing case as malicious); Southern District of Florida case 2:03-cv-14315 (failure to state a claim); and Southern District of Florida case 2:03cv14342 (failure to exhaust administrative remedies prior to filing).

---

[1] The inmate number of the plaintiff in MD FL case 5:06cv371, #196223, is the same as Plaintiff's.

A prisoner such as Plaintiff who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

In the instant complaint, Plaintiff claims that during his confinement at Apalachee Correctional Institution from October through December of 2011, he was denied the use of a blanket, and warned that if he attempted to cover up with the blanket provided during certain times he would be gassed and put in confinement (doc. 1 at 8). He asserts that there was a rule in place preventing inmates from covering up with blankets from 5:00 a.m. until 5:00 p.m. (*id.*). Plaintiff claims that his First, Eighth and Fourteenth Amendment rights were violated because he was exposed to extremely cold temperatures during that three-month period, and denied the ability to redress his grievances about this issue.

Because the allegedly unconstitutional exposure to cold temperatures occurred in the past, Plaintiff has failed to meet the imminent injury requirement of section 1915(g). *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."). Therefore, Plaintiff cannot proceed in forma pauperis in this case.

Furthermore, because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action, this case should be dismissed. *See* Dupree, *supra*. Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is **ORDERED:**

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 4th day of May 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**